## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

AUTO-OWNERS INSURANCE COMPANY,

                Plaintiff,             Case No.

     v.

BECK BUS TRANSPORTATION CORP.,
and KHALIL PEMBERTON,

                Defendants.

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Auto-Owners Insurance Company ("Plaintiff" or "Auto-Owners"), through its undersigned attorneys, hereby brings its Complaint for Declaratory Judgment against Beck Bus Transportation Corp. ("Beck Bus") and Khalil Pemberton ("Pemberton") (collectively, "Defendants") and in further support thereof, alleges as follows:

### NATURE OF THE CASE

1.  This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 seeking a declaration that a certain Auto-Owners insurance policy issued to Beck Bus does not provide coverage in connection with the negligence lawsuit filed in Illinois on behalf of Khalil Pemberton regarding Beck Bus's alleged negligence in failing to protect children riding buses under its control.

### THE PARTIES

2.  Auto-Owners is a Michigan corporation with its principal place of business at 6101 Anacapri Boulevard, Lansing, MI 48917.

3.  Beck Bus is an Illinois corporation with its principal place of business at 250 E. Miller Court, Carbondale, Illinois, 62901.

4.  Khalil Pemberton is a citizen of Illinois and resides in Carbondale, Illinois.

## JURISDICTION AND VENUE

5.   This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.   This Court has personal jurisdiction over Beck Bus because it is an Illinois corporation with its principal place of business in Illinois.

7.   This Court has personal jurisdiction over Khalil Pemberton because he is a resident of Illinois.

8.   Venue is proper in this District under 28 U.S.C. §§ 1391(b) because the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### The Commercial General Liability Policy

9.   Auto-Owners issued to Beck Bus Transportation Corp., a Commercial General Liability Policy, Policy No. 944604-09506216-05, effective from January 1, 2005 to January 1, 2006 (the "Policy").  A copy of the Policy is attached as Exhibit A.

10.  The Policy was brokered by Sam T. Heston & Sons, Inc.

11.   On Page 1 of Form CG 00 01 11 88, the Policy provides, in relevant part:

**SECTION I – COVERAGES**

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

> a. We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend you against any "suit" seeking those damages.  We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. . . .

2

(Section I.A.1.a.)

12. On Page 6 of Form CG 01 11 88, the Policy states who qualifies as an insured. Specifically, it states:

> Each of the following is also an insured:
>
> > a. Your employees, other than your executive officers, **but only for acts within the scope of their employment with you.**

(Section II.2.a, emphasis added.)

13. On Page 1 of Form CG 01 11 88, the Policy includes an "expected or intended" exclusion.  Specifically, the Policy states:

> This insurance does not apply to:
>
> > a.  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(Section I.A.2.a.)

14. On Page 11 of Form CG 00 01 11 88, the Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any one time."  (Section V.3.)

15. On Page 14 of Form CG 00 01 11 88, the Policy also defines the term "suit" as used in the insuring agreement as follows:

> "Suit" means a civil proceeding in which damages of "bodily injury", property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged.

(Section V.13.)

16. On Form CG 01 98 08 90, the Policy also provides for two separate and distinct types of notices regarding occurrences and suits.

17. First, the Policy provides as follows:

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or any offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

18. The Policy then requires an additional notice if a "suit" is brought. It states:

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received; and

        (2)  Notify us as soon as practicable.

    **You must see to it that we receive written notice of the claim or "suit" as soon as practicable.**

(emphasis added.)

<u>Incident Involving Khalil Pemberton</u>

19.  On or about March 1, 2005, Khalil Pemberton ("Pemberton"), six years old at the time, was a passenger on a school bus owned and operated by Beck Bus.

20. Arthur Borders ("Borders") was a bus monitor on the bus at the time of the alleged incident.

21. According to the underlying complaint, on this date, rather than being dropped off at home via the regular bus route, Pemberton was brought back to Beck Bus' facilities by Borders, who then drove Pemberton home in his own car.

22. According to the underlying complaint, at some point between arriving back at Beck Bus' facilities and arriving at Pemberton's home, Borders allegedly sexually molested Pemberton.

23. Information relating to the incident, including details if the interaction and the ensuing investigation, is set forth in the report compiled by the Illinois Department of Children and Family Services ("DCFS"). A copy of the Investigation Report is attached as Exhibit B.

<u>Notice of Occurrence to Auto-Owners</u>

24. The DCFS investigation lasted approximately two years and concluded sometime during the summer of 2007.

25. Subsequently, on March 12, 2008, Pemberton's attorney sent Beck Bus a letter stating that he represented Pemberton for injuries received as a result of the incident ("March 12, 2008 Correspondence").  He requested that Beck Bus forward the letter to its insurer.  A true and accurate copy of the March 12, 2008 Correspondence is attached as Exhibit C.

26. On July 8, 2008, Beck Bus put Auto-Owners on notice of the occurrence by transmitting a General Liability Notice of Occurrence/Claim form (the "Notice") to Auto-Owners via its broker, Heston Insurance Agency.  A true and accurate copy of the Notice is attached as Exhibit D.

27. The Notice provided to Auto-Owners contained no details regarding the type of allegations that Borders or Beck Bus faced.  Rather, it attached the March 12, 2008 Correspondence from Pemberton's attorney as well as notes from Beck Bus' auto carrier, Pekin Insurance.

28. Auto-Owners reviewed the Notice, and, in light of the facts provided in the Notice, determined that Borders' actions were not covered by the Policy.

29. On July 9, 2008, Auto-Owners sent a letter to Beck Bus denying coverage for the incident ("2008 Coverage Letter").   A true and accurate copy of the 2008 Coverage Letter is attached as Exhibit E.

30. The 2008 Coverage Letter states as follows:

> If there is any additional information you believe to be relevant to the question of coverage, of if you believe that any of the facts or information stated, upon which Auto-Owners Insurance Company has relied, is not accurate pleas [*sic*] advise.  **Any lawsuit should be made immediately available to Auto-Owners Insurance Company for review.**

(Ex. E, p.2, emphasis added.)

31. Despite leaving its file open on this matter for over a year, Auto-Owners received no response to its correspondence nor did it receive any notices of lawsuits, as specifically requested and as required by the Policy.  Accordingly, on August 19, 2009, Auto-Owners closed its file.

<u>The Pemberton Suit</u>

32. On December 8, 2009, approximately a year and a half after Auto-Owners issued the 2008 Coverage Letter, Khalil Pemberton's filed suit on his behalf.  The lawsuit is captioned as *Khalil Pemberton, a minor by and through his guardian, Joanne Thomas v. Beck Bus Company,* Case No. 09-L-119 (the "Pemberton Suit").  A true and accurate copy of the Pemberton Suit is attached as Exhibit F.

33. Auto-Owners did not receive notice of the Pemberton Suit.

34. Auto-Owners was not provided any information regarding the filing of the Pemberton Suit until August 23, 2017, when Pemberton's attorney notified Auto-Owners by telephone.

## COUNT I – DECLARATORY JUDGMENT THAT THE PEMBERTON SUIT DOES NOT GIVE RISE TO COVERAGE UNDER THE COMMERCIAL GENERAL LIABILITY POLICY

35. The foregoing paragraphs of this Complaint are incorporated in this Paragraph 40 as if specifically and fully set forth.

36. As an employee of Beck Bus, Borders was not acting within the scope of his employment for Beck Bus at the time of the alleged incident.

37. Accordingly, Borders does not qualify as an injured under Section II of the Policy for purposes of this incident.

38. Moreover, even if coverage was available under the Policy, which Auto-Owners does not concede, Beck Bus failed to provide Auto-Owners with timely notice of the Pemberton Suit.

39. Auto-Owners was not notified of the Pemberton Suit until almost eight years after it was filed.

40. The Policy specifically provides that Beck Bus must notify Auto-Owners "as soon as practicable" when a suit is filed.  Eight years is not as soon as practicable.

41. Therefore, Beck Bus has violated the notice provisions of the Policy.

42. As a result of the foregoing, Auto-Owners seeks a declaration that it is not obligated to defend or indemnify Beck Bus in connection with the incident involving Khalil Pemberton and the Pemberton Suit.

## **PRAYER FOR RELIEF**

Wherefore, Auto-Owners respectfully requests that this Court enter judgment as follows:

1)      Declaring that Auto-Owners is not obligated to defend or indemnify Beck Bus in connection with the incident involving Khalil Pemberton and the Pemberton Suit.

2)      Awarding Auto-Owners such other relief that the Court deems just and proper.

**JURY DEMAND: A trial by jury is hereby demanded**

Dated this 5th day of January, 2018.

Respectfully submitted,

/s/ Krysta K. Gumbiner
Thomas G. Drennan (IL No. 6274841)
Krysta K. Gumbiner (IN No. 31989-45)
Dinsmore & Shohl LLP
227 W. Monroe St.
Chicago, IL 60606
Phone: (312) 372-6060
Fax: (312) 372-6085
***Attorneys for Auto-Owners Insurance Co.***